IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| LARRY AYERS WILKE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   CASE NO. 2:17-cv-399-ECM-SRW |
| | ) |
| TALLAHASSEE MEMORIAL HEALTH | ) |
| CARE, et al., | ) |
| | ) |
| Defendants. | ) |

**ORDER and RECOMMENDATION OF THE MAGISTRATE JUDGE[1]**

Plaintiff Larry Wilke, proceeding *pro se*,[2] initiated this lawsuit on June 21, 2017 and, in

compliance with a sealed order, filed an amended complaint on January 2, 2018. *See* Doc. 13. The

amended complaint is the operative pleading,[3] and plaintiff asserts therein various claims against

---

[1] When this lawsuit was filed, it was randomly assigned by the Clerk of Court to a placeholder docket designated for the United States District Judge who would be appointed by the President and confirmed by the Senate to fill the active district judgeship that was vacated by the Honorable Myron H. Thompson, Senior United States District Judge, following his decision to take senior status. The President nominated the Honorable Emily Coody Marks to succeed Senior Judge Thompson. Senior Judge Thompson was randomly assigned by the Clerk of Court as the interim presiding judge until Judge Marks was confirmed and sworn in as a United States District Judge for the Middle District of Alabama, at which time the case was automatically reassigned to Judge Marks as the presiding judge. The District Judge referred this matter to the undersigned Magistrate Judge for a decision or recommendation, as appropriate, on all pretrial matters pursuant to 28 U.S.C. § 636(b). *See* Doc. 2 (sealed order).

[2] A party who proceeds *pro se* represents himself or herself and acts without an attorney. The plaintiffs' filings are construed liberally. *See Stephens v. DeGiovanni*, 852 F.3d 1298, 1319 n.16 (11th Cir. 2017) ("A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.") (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citation and internal quotation marks omitted)).

[3] An amended complaint entirely supersedes the complaint. *See Pintando v. Miami–Dade Housing Agency*, 501 F.3d 1241, 1243 (11th Cir. 2007); *Fritz v. Standard Life Ins. Co.*, 676 F.2d 1356, 1358 (11th Cir. 1982) (finding that under the Federal Rules of Civil Procedure an amended complaint supersedes the original complaint).

19 named defendants – Tallahassee Memorial Healthcare d/b/a Medicus Select, LLC; Dr. Frank E. Gredler; Dr. Carlos Beltran; Dr. Prasanti Tatini, Dr. Edith Hidalgo; Dr. Sireesha Chimata; Dr. Stephen M. Cremin; Dr. Shayla Gray; Trisha Mauney, R.N.; Felicia Rocket, R.N.; Christine Larsen-Chieffe, R.N.; Carl Mahler; Dan Hendricksen; The Incorporated City of Vero Beach, Florida; Officer Chris Cox of the Vero Beach Police Department; Officer Brian Kerensky of the Vero Beach Police Department; Chief David Currey of the Vero Beach Police Department; Indian River Memorial Hospital, Inc.; and Dr. Kristen Hicks. *See id.*

All defendants have filed motions to dismiss this cause pursuant to Federal Rule of Civil Procedure 12 for, *inter alia*, lack of personal jurisdiction, improper venue, and failure to state a claim upon which relief can be granted. *See* Docs. 37, 41, 54, 63, and 93.[4] Pursuant to the court's order, the plaintiff filed response briefs in opposition to the motions to dismiss. *See* Doc. 59 (response to Doc. 37); Doc. 94 (response to Doc. 37); Doc. 95 (Response to Doc. 54); Doc. 96 (Response to Doc. 41 and Doc. 93); Doc. 97 (Response to Doc. 63).

Upon consideration of the motions to dismiss due to improper venue, *see* Docs. 54 and 63, on February 27, 2018, the court *sua sponte* ordered the parties to show cause why this matter should not be transferred to the United States District Court for the Northern or Southern District of Florida pursuant to 28 U.S.C. § 1406(a) or, in the alternative, under 28 U.S.C. § 1404(a). *See* Doc. 67. Section 1406(a) provides that a "district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer

---

[4] The motion to dismiss filed by defendant Felecia Rocket, *see* Doc. 93, incorporates by reference the motion to dismiss filed by defendants Carlos Beltran, Sireesha Chimata, Stephen M. Cremin, Shayla Gray, Edith Hidalgo, Carl Mahler, Trish Mauney, Tallahassee Memorial Healthcare, Prasanti Tatini ("the Tallahassee Defendants"). *See* Doc. 41. Thus, plaintiff's arguments in opposition to the Tallahassee Defendants' motion to dismiss are also responsive to Rocket's motion to dismiss.

such case to any district or division in which it could have been brought." Section 1404(a) provides that, "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented."

Plaintiff did not respond to the court's show cause order regarding the propriety of transfer of venue. In his opposition to the motions to dismiss due to improper venue, plaintiff states only, concerning venue, that, "[t]he venue is proper as the Judge may select." Doc. 95 at 2; Doc. 97 at 2. Defendants Kristen Hicks, Indian River Memorial Hospital, Inc., Chris Cox, David Currey, Brian Kerensky, The Incorporated City of Vero Beach, Florida, and the Tallahassee Defendants object to transfer of venue and request a ruling on their motions to dismiss. *See* Doc. 77; Doc. 78; Doc. 79. Thus, no party seeks transfer of venue, and the court reaches the merits of the motions to dismiss in the manner set out below. The court also addresses plaintiff's motion for a hearing, motion to consolidate this action with divorce proceedings in an Alabama state court between the plaintiff and his wife, and *ex parte* motion to file a second amended complaint *ex parte* and under seal. *See* Doc. 100; Doc. 102; Doc. 103.

Upon consideration, the court finds that the motions to dismiss for improper venue filed pursuant to Federal Rule of Civil Procedure 12(b)(3) by defendants Chris Cox, David Currey, Brian Kerensky, The Incorporated City of Vero Beach, Florida (collectively "the Vero Beach Defendants"), *see* Doc. 54, and Dr. Kristen Hicks, and Indian River Memorial Hospital, Inc., *see* Doc. 63, are due to be granted. Plaintiff's *ex parte* motion to file a second amended complaint *ex parte* and under seal is due to be denied. *See* Doc. 103. This matter is due to be dismissed without prejudice for improper venue. *See Madara v. Hall*, 916 F.2d 1510, 1514 n.1 (11th Cir. 1990) (noting, *inter alia*, that dismissal of claims for improper venue is without prejudice); *Smarter Every*

3

*Day, LLC v. Nunez*, 2017 WL 1247500, at *6 & n.6 (N.D. Ala. Apr. 5, 2017) (*sua sponte*

dismissing without prejudice due to improper venue and lack of personal jurisdiction and finding

transfer is inappropriate due to plaintiff's failure to identify an appropriate forum for the lawsuit).

Also, all remaining motions are due to be denied.

## BACKGROUND AND MATERIAL FACTS[5]

This lawsuit is the second federal action filed by the plaintiff alleging that, in 2014, he was

wrongfully detained and committed in the State of Florida for psychiatric evaluation and treatment

under Florida's Baker Act, §§ 394.451-.47892, Florida Statutes (2017).[6] *See* Doc. 13 at 4-8. "The

Baker Act is a means of providing individuals with emergency services and temporary detention

for mental health evaluation and treatment when required either on a voluntary or an involuntary

basis." Doc. 63 at 1.

In his amended complaint, plaintiff alleges that he suffered a panic attack. Doc. 13 at 6.

Thereafter, on an unspecified date in January 2014[7] in Vero Beach, Florida, defendants Officer

Cox and Officer Krensky

---

[5] Except as expressly noted, the facts are gleaned exclusively from plaintiff's amended complaint and the defendants' briefs, to the extent they are consistent with the amended complaint.

[6] *See Larry Ayers Wilke v. Medicus Select, LLC et al.*, 4:16cv389-MW/CAS (N.D. Fla., filed June 24, 2016). The court takes judicial notice pursuant to Federal Rule of Evidence 201 of the existence of this previous federal lawsuit. *See*, *e.g.*, *Lozman v. City of Riviera Beach, Fla.*, 713 F.3d 1066, 1076 n. 9 (11th Cir. 2013) (taking judicial notice of state eviction proceedings) (citing Fed. R. Evid. 201(b)); *Long v. Slaton*, 508 F.3d 576, 578 n. 3 (11th Cir. 2007) (citation omitted) (noting that the court is not always limited to the four corners of the complaint at the Rule 12(b)(6) stage, and taking judicial notice of undisputed facts contained in a report from a state agency); *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322, 127 S.Ct. 2499 (2007) (noting that "courts must consider the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice.")).

[7] Plaintiff alleges that this event occurred four days before he was "confined to the Tallahassee Memorial Hospital, [where] the psychiatric staff regularly and forcibly injected the Plaintiff with

> assaulted the 5'-9", 165 lb., 70 year old plaintiff by manhandling and violently
> throwing him to the ground. Once on the ground, the Plaintiff was pinned down
> and double handcuffed resulting in severe abrasions to Plaintiff's forearm. The
> assault was initiated in an effort to quell the Plaintiff's desperate plea (yelling) for
> help in as much as the Plaintiff had implicated the Vero Beach Police Department
> in possible criminal behavior only 2 days prior in a tip to the F.B.I. in Ft. Pierce,
> Florida.

Doc. 13 at 8. While not expressly pled in the amended complaint, it appears from plaintiff's

allegations that the police arrested the plaintiff and either transported or escorted him to Indian

River Medical Center in Vero Beach.

According to the amended complaint, on January 31, 2014, an Emergency Room physician

at Indian River Medical Center performed a "thorough examination" of the plaintiff and

recommended that he be released "'to home'" care. Doc. 13 at 6. Based on allegations scattered

throughout the amended complaint, the court infers that judicial proceedings were commenced

under the Baker Act shortly thereafter for the purpose of committing the plaintiff to a hospital for

psychiatric analysis and treatment. Plaintiff asserts that, following his arrest, and due to fraudulent

reports and actions by numerous entities and individuals, on February 2 or February 3, 2014, a

judge forcibly committed him against his will for 27 days to Tallahassee Memorial Hospital for

mental evaluation and treatment. The plaintiff contends that the Baker Act commitment was the

result of a conspiracy and fraud on the part of multiple defendants and non-parties. Plaintiff further

asserts that he suffered "abuse … in the form of physical assaults of forced injection and forced

(intimidated by threat) ingestion of dangerous psychotropic drugs to include[] Zyprexa, Cogentin

and Lithium." Doc. 13 at 7-8.

---

dangerous psychotropic drugs after 'diagnosing' him as delusional." Doc. 13 at 8-9. Elsewhere in
the amended complaint, plaintiff asserts that he was committed to Tallahassee Memorial Hospital
for a period of 27 days under the Baker Act on either February 2 or February 3, 2014. Doc. 13 at
7. It appears from the context of the amended complaint that this alleged assault occurred on
January 30 or 31, 2014.

Plaintiff also alleges that defendant The City of Vero Beach, Florida, and its agents have hacked plaintiff's computer from May 21, 2015 "to the present." Doc. 13 at 3-4. The plaintiff avers that "[t]he purpose of the hacking is to provide a continuum of information to the criminal element enmeshed with the defendants. This stolen information is then used by the defendants to harass the Plaintiff. The computer fraud and its concomitant illegal activities are designed to thwart the Plaintiff's legal pursuit." Doc. 13 at 9.

The plaintiff also alleges that there is a wide-reaching criminal enterprise and conspiracy among an unnamed "criminal element," "corrupt drug alliances," the defendants, non-party law enforcement officials, and non-party The Florida League of Cities. Doc. 13 at 10. According to plaintiff, this criminal activity is related to widespread corruption and "large scale illegal drug activities [which] are rampant in the area surrounding Vero Beach and the Sebastian Inlet." Doc. 13 at 10. Plaintiff's amended complaint alleges that he is the target and victim of harassment and threats by this criminal alliance, including the defendants, because he is a whistleblower who is attempting to expose their nefarious and unlawful deeds. Plaintiff contends that his Baker Act commitments, the treatment and medications he received while committed, an assault by defendants Officer Cox and Officer Krensky, the hacking of his computer, and other incidents of harassment are the result of and punishment for his actions as a whistleblower.

Plaintiff seeks relief in the form of monetary damages in the amount of $100 million, reimbursement for costs associated with this litigation, and injunctive relief, to include "the complete removal from all repositories any and all records pertaining to the Plaintiff's Baker Act arrest." Doc. 13 at 12-15. He hopes that this lawsuit will have a "chilling effect" and will begin to "cure the insidious corruption and its cohort … rampant drug infestation." *Id.* at 15.

## SUBJECT MATTER JURISDICTION[8]

Before reaching the merits of the instant motions, the court must first assure itself of subject matter jurisdiction over this cause.[9] A party seeking to invoke federal jurisdiction must make "a short and plain statement of the grounds for the court's jurisdiction." Fed. R. Civ. P. 8(a)(1). A plaintiff who files a lawsuit in federal court bears the burden of demonstrating the court's subject matter jurisdiction. *See*, *e.g.*, *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 765 (11th Cir. 2010) (quoting *McNutt v. General Motors Acceptance Corp. of Indiana*, 298 U.S. 178, 189 (1936)) ("The prerequisites to the exercise of jurisdiction … must be met by the party who seeks the exercise of jurisdiction in his favor. He must allege in his pleading the facts essential to show jurisdiction.").

Plaintiff appears to invoke the court's subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a)(1) – which permits civil actions satisfying the $75,000.00 minimum amount-in-controversy requirement and between "citizens of different States" – by declaring that the amount

---

[8] In their motion to dismiss due to lack of personal jurisdiction, improper venue, and for failure to state a claim upon which relief can be granted, the Vero Beach Defendants suggest offhandedly that, "it is not even clear that this Court has subject-matter jurisdiction of Plaintiff's claims. …Plaintiff does not allege any basis to even establish that this Honorable Court even has subject matter jurisdiction[.]" Doc. 54 at 3-4. Defendants did not develop this argument further, and no party filed a motion to dismiss for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1). *See Resolution Trust Corp. v. Dunmar Corp.*, 43 F.3d 587, 599 (11th Cir. 1995) ("[T]he onus is on the parties to formulate arguments[.]") (citations and internal quotation marks omitted). Nevertheless, the court must itself inquire into the source of its subject matter jurisdiction. *See Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 409-10 (11th Cir. 1999).

[9] Federal courts are courts of limited jurisdiction. *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); *see also Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994). A federal district court is "'empowered to hear only those cases within the judicial power of the United States as defined by Article III of the Constitution,' and which have been entrusted to them by a jurisdictional grant authorized by Congress." *Univ. of S. Ala.*, 168 F.3d at 409 (quoting *Taylor v. Appleton*, 30 F.3d 1365, 1367 (11th Cir. 1994)). Therefore, a federal court is obligated to inquire *sua sponte* into subject matter jurisdiction "at the earliest possible stage in the proceedings." *Id.* at 410.

in controversy in this case exceeds $75,000.00. *See* Doc. 13 at 3. However, it is not evident from the complaint that the parties are completely diverse in citizenship, because the plaintiff provides no information about the citizenship of the defendants. "[D]iversity jurisdiction does not exist unless each defendant is a citizen of a different State from each plaintiff." *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373, 98 S.Ct 2396 (1978). Moreover, the plaintiff has not supplied the names and places of citizenship of the members of defendant Medicus Select, LLC. "A limited liability company, unlike a corporation, is a citizen of any state of which one of its members is a citizen, not of the state where the company was formed or has it principal office." *Dasan USA, Inc. v. Weapon Enhancement Solutions LLC*, 2016 WL 3996242, at *1 (N.D. Ga. 2016) (citing *Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C.*, 374 F.3d 1020, 1022 (11th Cir. 2004)). *See also Purchasing Power, LLC v. Bluestem Brands, Inc.*, 851 F.3d 1218, 1228 (11th Cir. 2017).

In short, there is no information in plaintiff's amended complaint about the citizenship of any defendant except The City of Vero Beach, Florida. If plaintiff's amended complaint presented no other basis for subject matter jurisdiction, these deficiencies might merit dismissal for lack of subject matter jurisdiction. *See Anago Franchising, Inc. v. Shaz, LLC*, 677 F.3d 1272, 1281 (11th Cir. 2012) ("Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause.") (quoting *Ex Parte McCardle*, 74 U.S. (7 Wall.) 506, 514, 19 L. Ed. 264 (1869)).

However, construing plaintiff's amended complaint liberally, as the court must, plaintiff has asserted constitutional claims, and those claims give rise to subject matter jurisdiction. In Count 2, plaintiff asserts a state law claim for false imprisonment based on his involuntary commitment under the Baker Act. *See* Doc. 13 at 5-6. In support of that claim, the plaintiff alleges

8

that "[t]he False Imprisonment … unconstitutionally denied the Plaintiff his Rights (sic) as well as irreparably damaged the Plaintiff's reputation including his loss of 2nd Amendment Rights." Doc. 13 at 6. Construing the amended complaint liberally, plaintiff has alleged that certain individual defendants' fraudulent acts in support of the Baker Act commitment led to the wrongful deprivation of his right to bear arms under the Second Amendment.[10] Also, in Count 7, plaintiff asserts that his "due process" rights were infringed upon by individual defendants because of allegedly pervasive fraud in the process and proceedings that led to his involuntary commitment. *See* Doc. 13 at 11-12 ("Interference with Due Process").

Constitutional claims such as these are prosecuted by civil litigants in federal courts through the remedial vehicle of 42 U.S.C. § 1983. Section 1983 "is not itself a source of substantive rights, but a method for vindicating federal rights elsewhere conferred by those parts of the United States Constitution and federal statutes that it describes." *Baker v. McCollan*, 443 U.S. 137, 144 n.3, 99 S.Ct. 2689, 2694 n.3 (1979). The plaintiff does not expressly refer to § 1983 in his amended complaint, and ordering the plaintiff to do so in a second amended complaint is unnecessary at this stage of the proceedings – it is evident that these are § 1983 claims. Some defendants have read plaintiff's complaint as asserting potential § 1983 claims as well. *See, e.g.*, Doc. 54 at 7 (arguing that, to the extent plaintiff intended to assert § 1983 claims against defendants Cox, Kerensky, and Currey in their official capacities, the court should consider those as claims against The City of Vero Beach, Florida).

A federal court has subject matter jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Section 1983 "creates a

---

[10] The court need not and does not express an opinion as to whether this is a cognizable claim. A determination of its merits is premature, and unnecessary for purposes of ascertaining federal question jurisdiction.

9

cause of action but does not itself bestow jurisdiction upon the district court." *Fountain v. Metro. Atlanta Rapid Transit Auth.*, 678 F.2d 1038, 1042 n.7 (11th Cir. 1982) (citing *Hagans v. Lavine*, 415 U.S. 528, 535, 94 S.Ct. 1372, 1378 (1974); *Curtis v. Taylor*, 625 F.2d 645, 649 (5th Cir.), *modified*, 648 F.2d 946 (5th Cir. 1980)).[11] "[28 U.S.C.] Section 1343(3) grants to the federal courts jurisdiction to hear claims alleging official state deprivation of constitutional rights or rights secured by federal statutes providing for equal rights." *Id.* A plaintiff's omission of a reference to § 1343(3) "will not defeat jurisdiction when the 'facts alleged in the complaint satisfy the jurisdictional requirements of the statute.'" *Id.* (quoting *Southpark Square Ltd. v. City of Jackson*, 565 F.2d 338, 341 n.2 (5th Cir. 1977), *cert. denied*, 436 U.S. 946, 98 S.Ct. 2849 (1978)).

A "claim meets the threshold jurisdictional requirements of 28 U.S.C. [§] 1343(3) [if] it is well established that, 'where the complaint, as here, is so drawn as to seek recovery directly under the Constitution or laws of the United States, the federal court ... must entertain the suit.'" *Id.* at 1042 (quoting *Bell v. Hood*, 327 U.S. 678, 681-82, 66 S.Ct. 773, 775-76 (1946)).

> There are two exceptions to the general rule of *Bell v. Hood*. Even if a complaint alleges injury to federal rights, the courts should not entertain the lawsuit "where the alleged claim under the Constitution or federal statutes clearly appears to be immaterial and made solely for the purpose of obtaining jurisdiction or where such a claim is wholly insubstantial and frivolous."

*Fountain*, 678 F.2d at 1042 (quoting *Bell*, 327 U.S. at 682-83, 66 S.Ct. at 776).

Neither exception applies, based on the allegations of the amended complaint. There is no indication in that complaint that the constitutional claims are asserted for the sole purpose of accessing a federal court. Thus, the first exception is inapplicable.

---

[11] Under *Bonner v. City of Pritchard,* 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*), this court is bound by cases decided by the former Fifth Circuit before October 1, 1981.

As to the second exception, "for jurisdictional purposes the question is not whether the claims are without merit but whether 'prior decisions inescapably render the claims frivolous.'" *Curtis v. Taylor*, 625 F.2d 645, 649-50 (5th Cir.), *reh'g denied and opinion modified*, 648 F.2d 946 (5th Cir. 1980) (quoting *Hagans v. Lavine*, 415 U.S. 528, 538, 94 S.Ct. 1372, 1379 (1974) (quoting, in turn, *Goosby v. Osser*, 409 U.S. 512, 518, 93 S.Ct. 854, 858-59 (1973)) (footnote omitted). While such authority may exist, the court has not identified, and the defendants have not directed the court to, any binding precedent demonstrating that plaintiff's § 1983 claims against the individual defendants[12] are "inescapably … frivolous." *Id.* "[A] simple conviction that a claim must fail does not divest the district court of jurisdiction." *Id.* at 650 n.6 (citing *Duke Power Co. v. Carolina Environmental Study Group*, 438 U.S. 59, 98 S.Ct. 2620 (1978)). Thus, even if a court has doubts about the merits of a plaintiff's § 1983 claims, subject matter jurisdiction is not defeated.

"In order to state a claim under 42 U.S.C. § 1983, a plaintiff must establish: '(1) ... the conduct complained of was committed by a person acting under color of state law; and (2) ... this conduct deprived a person of rights, privileges, or immunities secured by the Constitution or laws of the United States.'" *Hines v. Reed*, 170 F. Supp. 2d 1200, 1204 (S.D. Ala. 2001) (quoting *Parratt v. Taylor*, 451 U.S. 527, 535, 101 S.Ct. 1908, 1913 (1981), *overruled on other grounds by Daniels v. Williams*, 474 U.S. 327, 330-31, 106 S.Ct. 662, 664 (1986)). Plaintiff's § 1983 claims against the individual defendants regarding the deprivation of his Second Amendment right to bear arms and interference with due process "meet[] the threshold jurisdictional requirements of 28 U.S.C.

---

[12] As discussed more fully *infra*, the court need only have federal question jurisdiction over a federal claim against one defendant to have subject matter jurisdiction to decide, in its discretion, whether to exercise supplemental jurisdiction over the entire dispute insofar as the claims arise from the same nucleus of operative fact.

[§] 1343(3) because it is well established that 'where the complaint, as here, is so drawn as to seek recovery directly under the Constitution or laws of the United States, the federal court ... must entertain the suit.'" *Fountain*, 678 F.2d at 1042 (quoting *Bell*, 327 U.S. at 681-82, 66 S.Ct. at 775-76).

Thus, for purposes of the instant motions, the court finds that there is federal question subject matter jurisdiction pursuant to 28 U.S.C. § 1331 over the plaintiff's constitutional claims asserted through § 1983. As to the additional claims and defendants, once a plaintiff establishes subject matter jurisdiction, a federal court may, in its discretion, exercise supplemental jurisdiction over the remaining parties and claims pursuant to 28 U.S.C. § 1367.[13]

---

[13] The Eleventh Circuit recently reiterated the following general principles regarding supplemental jurisdiction:

> 28 U.S.C. § 1367(a) … reads this way: "[I]n any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." Although the exercise of supplemental power is discretionary, the district courts may exercise supplemental jurisdiction to consolidate closely related claims into a single proceeding in order to preserve judicial resources and avoid inconsistent judgments. *Rosado v. Wyman*, 397 U.S. 397, 405, 90 S.Ct. 1207, 25 L.Ed.2d 442 (1970) (describing the "commonsense policy" of supplemental jurisdiction as being grounded on "the conservation of judicial energy and the avoidance of multiplicity of litigation"). It is also true that if there is supplemental jurisdiction at the time the suit was commenced, the court may continue to exercise that power even if the original basis for jurisdiction is later eliminated. *Id.* ("We are not willing to defeat the commonsense policy of pendent jurisdiction ... by a conceptual approach that would require jurisdiction over the primary claim at all stages as a prerequisite to resolution of the pendent claim.").

*St. Paul Fire & Marine Ins. Co. v. Nat'l Union Fire Ins. Co. of Pittsburgh, PA*, 890 F.3d 1265, 1268 (11th Cir. 2018). The plaintiff's claims, with the possible exception of his computer hacking claim, arise from the same nucleus of operative facts. Because venue is not proper in this district, the court does not reach the question of whether and to what extent discretionary supplemental jurisdiction should be exercised.

## VENUE AND MOTION TO AMEND

As indicated above, the court finds that this case is due to be dismissed because venue is improper in the Middle District of Alabama. The undersigned expresses no opinion on the merits of defendants' motions to dismiss for lack of personal jurisdiction and for failure to state a claim upon which relief can be granted.

## I. Motions to Dismiss for Improper Venue

"The plaintiff has the burden of showing that venue in the [chosen] forum is proper." *Pinson v. Rumsfeld*, 192 F. App'x 811, 817 (11th Cir. 2006) (citation omitted). *See also Binon v. United States Dep't of Agric.*, 2017 WL 9512452, at *6 (M.D. Ala. Sept. 7, 2017), *report and recommendation adopted sub nom. Binion v. United States Dep't of Agric.*, 2017 WL 4317390 (M.D. Ala. Sept. 28, 2017) (same and finding that dismissal of certain claims for improper venue is proper under § 1406(a) because the interests of justice do not favor transfer).

Another judge of this court recently explained*, inter alia*, regarding motions to dismiss due to improper venue:

> Rule 12(b)(3) of the Federal Rules of Civil Procedure provides that a party may assert a defense of improper venue by motion. Pursuant to § 1391(b), venue is proper in:
>
> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
>
> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
>
> (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b). If venue is improper, the district court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a).

* * *

When reviewing a challenge to venue, the Court accepts the allegations of the complaint "as true, to the extent they are uncontroverted by defendants' affidavits." *Delong Equip. Co. v. Wash. Mills Abrasive Co.*, 840 F.2d 843, 845 (11th Cir. 1988); *see also Estate of Myhra v. Royal Caribbean Cruises, Ltd.*, 695 F.3d 1233, 1239 (11th Cir. 2012) (stating same). The Court "may make factual findings necessary to resolve motions to dismiss for improper venue," so long as the resolution of the factual disputes is not an adjudication on the merits of the case. *Bryant v. Rich*, 530 F.3d 1368, 1376 (11th Cir. 2008). A court must draw all reasonable inferences and resolve all factual conflicts in favor of the plaintiff. *Wai v. Rainbow Holdings*, 315 F. Supp. 2d 1261, 1268 (S.D. Fla. 2004).

"Rule 12(b)(3) is a somewhat unique context of dismissal in which we consciously look beyond the mere allegations of a complaint, and, although we continue to favor the plaintiff's facts in the context of any actual evidentiary dispute, we do not view the allegations of the complaint as the exclusive basis for decision." *Estate of Myhra*, 695 F.3d at 1239.

*Cisney v. Johnson*, 2018 WL 3594991, at *3 (M.D. Ala. July 25, 2018).

In this case, the plaintiff has not carried his burden to allege facts demonstrating that venue is proper in the Middle District of Alabama. For example, the plaintiff does not allege that all defendants are residents of Alabama, *see* 28 U.S.C. § 1391(b)(1). Nor does he maintain that a substantial portion of the events giving rise to plaintiff's causes of action occurred in this district. *See* 28 U.S.C. § 1391(b)(2). To the contrary, the amended complaint and the record demonstrate that the majority of the events regarding the plaintiff's claims occurred in Florida. Specifically, six of seven counts in the amended complaint concern plaintiff's claims with respect to his arrest in Vero Beach, Florida, and Baker Act commitments in 2014. The events underlying those claims all occurred in either the Northern or Southern Districts of Florida.

Plaintiff asserts that venue is proper in the Middle District of Alabama only because he lives in this district, and because "[v]enue is derived from the fact that the defendants continued to

invade the Plaintiff's computer in Alabama long after the initial causes of action[,]" which took place in Florida. Doc. 13 at 3. This allegation is not sufficient under § 1391(b)(2). Only one count of plaintiff's amended complaint deals with allegations of computer hacking. In addition, the plaintiff does not allege that any of the hacking efforts were undertaken in the Middle District of Alabama; instead, he maintains that the defendants' hacking originates from Vero Beach, Florida. *See* Doc. 13 at 3-4. Further, he avers that the materials gathered from hacking are used by Florida persons and entities. *See id.* at 9. In short, the plaintiff alleges that all defendants' activities associated with his computer hacking claim have occurred in Florida, with the exception of the fact that plaintiff's computer happens to be located in this district. Thus, a substantial portion of the events associated with plaintiff's computer hacking claim are alleged to have occurred in the Southern District of Florida, where Vero Beach is located. *See*, *e.g.*, *D.C. Micro Dev., Inc. v. Lange*, 246 F. Supp. 2d 705, 713 (W.D. Ky. 2003) (transferring under § 1404(a) to a district court in the state where hacking originated because testimony and evidence from the originating state is "critical" to the link between computer servers and whether the named defendants "actually hacked into both servers" in Kentucky). These allegations demonstrate that venue is not proper in the Middle District of Alabama under § 1391(b)(2).

As noted above, the court directed the parties to show cause why this case should not be transferred to either the Northern or Southern District of Florida. *See* Doc. 67. The record as a whole suggests that all defendants are residents of Florida; if so, venue is proper in either the Northern or Southern District of Florida pursuant to § 1391(b)(1). However, plaintiff has not identified which of the two Florida districts is an appropriate transferee venue. Therefore, under § 1406(a), dismissal of this action is appropriate unless the court finds that transfer is in the interest

15

of justice. *See Nunez*, 2017 WL 1247500, at *6 n.6 (transfer not appropriate where "Plaintiff has not identified a district that would be an appropriate forum for this action.").

The Tallahassee Defendants request transfer to the Northern District of Florida, in part because "many more parties are located in the Northern District of Florida than in the Southern District." Doc. 77 at 3. Thirteen named defendants are in the Northern District of Florida; six defendants are in the Southern District of Florida. *See id.* Moreover, these defendants point out the Northern District of Florida's familiarity with this lawsuit, *see id.*, which is a successor action to one against the same named defendants to this action, as well as others not named in the amended complaint, based on plaintiff's Baker Act commitment in 2014 and his allegation of computer hacking. *See* Doc. 63-2 at 7-15 (*Larry Ayers Wilke v. Medicus Select, LLC et al.*, 4:16cv389-MW/CAS (N.D. Fla. order to file amended complaint July 28, 2016)).

Defendants Indian River Memorial Hospital, Inc. d/b/a Indian River Medical Center and Kristen Hicks, M.D. argue that transfer under either § 1406(a) or § 1404(a) "would be contrary to the interests of justice. …" Doc. 78 at 1. These defendants accuse the plaintiff of forum shopping and assert that he filed "his claims" in the Middle District of Alabama "only after unsuccessfully trying to *pursue* them in the Southern and Northern Districts of Florida."[14] *Id.* (emphasis supplied). They maintain that the court should reach the merits of their motion to dismiss for lack of personal jurisdiction, failure to state a claim upon which relief can be granted, and improper venue. *See*

---

[14] Plaintiff did not actually file a lawsuit in the Southern District of Florida, an important distinction in assessing whether a litigant is bringing "serial baseless litigation in multiple forums," as Indian River and Dr. Hicks contend. Doc. 78 at 1. Rather, plaintiff sent a letter to the Hon. Robin L. Rosenberg, United States District Judge for the Southern District of Florida, in which plaintiff represented that he intended to file a federal lawsuit because he "was unlawfully … Baker Acted by the City of Vero Beach's Police Department on January 31, 2014[.]" Doc. 78-1 at 2. He later filed a lawsuit in the Northern District of Florida, which preceded this cause.

Doc. 63 at 1-2. Indian River and Dr. Hicks do not oppose the conclusion that venue is improper in the Middle District of Alabama, but they seek dismissal instead of transfer.

If the court were to transfer venue, Indian River and Dr. Hicks ask the court to sever their claims from the remaining claims and defendants, presumably pursuant to Federal Rule of Civil Procedure 21, and to transfer the plaintiff's claims against them to the Southern District of Florida. *See* Doc. 78 at 2, 6. Like Indian River and Dr. Hicks, the Vero Beach Defendants seek severance of the claims against them and transfer to the Southern District of Florida if the court decides to transfer this cause. *See* Doc. 79 at 2.

Because venue is improper in the Middle District of Alabama, the court has discretion to dismiss or transfer venue under § 1406(a). *See Ultra Products, Inc. v. Antec*, *Inc.*, 2009 WL 10670800 (M.D. Fla. 2009) ("Section 1406(a) operates 'where a suit is filed in federal court in a district in which venue or personal jurisdiction is improper'") (citing *Manley v. Engram*, 755 F.2d 1463, 1467 (11th Cir. 1985)). "To transfer a case under § 1406(a), 'it is enough simply that the court thinks transfer is in the interest of justice.'" *Vulcan Marketing, Inc. v. United Furniture Industries Bolivia, S.A.*, 2010 WL 11566476, at *6 (N.D. Ala. 2010) (quoting 14D Charles Alan Wright, Arthur R. Miller, & Edward H. Cooper, *Federal Practice and Procedure* § 3811 (3d ed. 2007)). "Courts generally perceive transfer to further the interests of justice more than dismissal." *Alpha Comm Enterprises, Inc. v. Next Vision, Inc.*, 2014 WL 12539706, *4 (M.D. Fla. 2014).

That said, "the decision whether to transfer a case … pursuant to … § 1406[] is left to the sound discretion of the district court and is reviewable only for an abuse of that discretion." *Ultra Prod., Inc. v. Antec, Inc.*, 2009 WL 10670800, at *3 (M.D. Fla. Aug. 27, 2009) (citing *Pinson v. Rumsfeld*, 192 F. App'x 811, 817 (11th Cir. 2006); *Nowell v. Dick*, 413 F.2d 1204, 1212 (5th Cir. 1969)). *See also Hardman v. Se. Permanente Med. Grp., Inc.*, 2018 WL 1457297, at *8 n.12 (M.D.

Ala. Mar. 23, 2018) (same). Under the circumstances of this case – including the plaintiff's previous filing of a nearly identical lawsuit in the Northern District of Florida, plaintiff's failure to identify an alternative venue to the Middle District of Alabama, the pending Federal Rule of Civil Procedure 12(b)(3) motions to dismiss, and several defendants' objections to transfer – the court finds that transfer to the Northern or Southern District of Florida is not in the interest of justice. Dismissal is the appropriate course of action.

## II.   Plaintiff's *Ex Parte* Motion to File an Amended Complaint Under Seal

After the defendants moved to dismiss plaintiff's amended complaint, the plaintiff filed an *ex parte* motion for leave to file an *ex parte* amended complaint under seal. *See* Doc. 103. Plaintiff did not attach a copy of the proposed amended complaint to the *ex parte* motion.

"The court should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). *See also Burger King Corp. v. Weaver*, 169 F.3d 1310, 1319 (11th Cir. 1999) (quoting *Dussouy v. Gulf Coast Inv. Corp.*, 660 F.2d 594, 598 (5th Cir. 1981)) ("Leave to amend should be liberally granted when necessary in the interest of justice. … '[U]nless there is a substantial reason to deny leave to amend, the discretion of the district court is not broad enough to permit denial.'"). However, in this case, the plaintiff has not demonstrated that the interest of justice is served by permitting a second amended complaint, particularly one that is filed *ex parte* and under seal. Plaintiff wishes to amend his complaint to add additional claims and defendants without notice to the named defendants and their attorneys of the amendments. *See* Doc. 103. Regardless of the plaintiff's proffered reasons for this request, the plaintiff does not identify any source of authority for the court's circumventing due process by conducting these proceedings and entering a judgment against defendants without notice and an opportunity to be heard. An amended complaint that does not afford due process to the defendants would be futile. *See Weaver*, 169 F.3d at 1315

(a district court may deny a motion for leave to amend a complaint if the amendment is futile or inadequate as a matter of law).

On the instant *ex parte* motion, the plaintiff has not shown that permitting a second amended complaint in the *ex parte* manner that plaintiff proposes is in the interest of justice. Thus, the motion is due to be denied. [15]

### CONCLUSION, RECOMMENDATION AND ORDER

Accordingly, it is the **RECOMMENDATION** of the Magistrate Judge that:

1.   The motions to dismiss filed by defendants Chris Cox, David Currey, Brian Kerensky, The Incorporated City of Vero Beach, Florida, Dr. Kristen Hicks, and Indian River Memorial Hospital, Inc. be **GRANTED IN PART** due to improper venue pursuant to Federal Rule of Civil Procedure 12(b)(3), and otherwise **DENIED**. *See* Docs. 54, 63. This cause is due to be **DISMISSED WITHOUT PREJUDICE**.

2.   The remaining motions to dismiss be **DENIED** as **MOOT**. *See* Docs. 37, 41, 93.

3.   Plaintiff's motion for the court to assume jurisdiction over divorce proceedings that are pending in an Alabama state court be **DENIED** as **MOOT**. *See* Doc. 102.

4.   Plaintiff's *ex parte* motion to file an amended complaint under seal be **DENIED**. *See* Doc. 103 (*Ex Parte*; Sealed Motion).

---

[15] The plaintiff does not provide any additional information on the subject of venue in the *ex parte* motion that would alter the court's conclusion that it is appropriate to dismiss this cause without prejudice for improper venue pursuant to Federal Rule of Civil Procedure 12(b)(3).

It is

**ORDERED** that plaintiff's motion for a status conference is **DENIED** as **MOOT**. *See* Doc. 100.

It is further **ORDERED** that **on or before September 25, 2018**, the parties may file objections to the Recommendation. Any objection filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party objects. Frivolous, conclusive or general objections will not be considered by the District Court.

Failure to file a written objection to the Magistrate Judge's findings and recommendations under 28 U.S.C. § 636(b)(1) shall bar a *de novo* determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of a party to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. 11th Cir. R. 3-1; *Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

Done, on this the 11th day of September, 2018.

/s/ Susan Russ Walker
Susan Russ Walker
United States Magistrate Judge

20