IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| LARRY AYERS WILKE, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | CIV. ACT. NO. 2:17cv399-ECM |
| | ) | (WO) |
| TALLAHASSEE MEMORIAL HEALTHCARE, *et al.*, | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION and ORDER**

Now pending before the court is the Recommendation of the Magistrate Judge (doc. # 107) which recommends that the defendants' motions to dismiss (docs. # 54 & 63) be granted in part and denied in part and that this case be dismissed without prejudice; that the remaining motions be denied as moot; and that the plaintiff's motion to file an amended complaint be denied. *See* Doc. # 107 at 19. On September 25, 2018 and October 8, 2018, the plaintiff filed objections to the Recommendation. *See* Docs. # 109 & 111. On October 1, 2018, the IRMC defendants filed an "omnibus response" to the plaintiff's objections to the Recommendation (doc. # 110). The Court has carefully reviewed the record in this case, including the Magistrate Judge's Report and Recommendation, and the plaintiff's objections thereto. *See* 28 U.S.C. § 636(b).

When a party objects to a Magistrate Judge's Report and Recommendation, the district court must review the disputed portions *de novo*. 28 U.S.C. § 636(b)(1). The district court "may accept, reject, or modify the recommended disposition; receive further

evidence; or resubmit the matter to the magistrate judge with instructions." FED.R.CIV.P. 72(b)(3). *De novo* review requires that the district court independently consider factual issues based on the record. *Jeffrey S. ex rel. Ernest S. v. State Bd. of Educ.*, 896 F.2d 507, 513 (11th Cir. 1990). *See also United States v. Gopie,* 347 F. App'x 495, 499 n. 1 (11th Cir. 2009). However, objections to the Magistrate Judge's Report and Recommendation must be sufficiently specific in order to warrant *de novo* review. *See Macort v. Prem, Inc.,* 208 F. App'x 781, 783-85 (11th Cir. 2006). Otherwise, a Report and Recommendation is reviewed for clear error. *Id.*

In his initial objection, the plaintiff simply objects to the Report and Recommendation without any specificity and without stating the bases for his objections. *See* Doc. # 109. In his supplemental objections, while the plaintiff references the issues of venue and jurisdiction, he fails to properly specify objections to the Magistrate Judge's Report and Recommendation with respect to those issues, or any others. Despite the lack of specificity in the plaintiff's objections meriting review only for clear error, the Court undertook a *de novo* review of plaintiff's objections and finds that they are due to be overruled even under that more stringent standard of review.

In their omnibus response to the plaintiff's objections, the defendants correctly point out that the Magistrate Judge, in ruling on their motions to dismiss, granted the motion in part due to improper venue, but "otherwise denied" the motions. The defendants assert

.

that the motions to dismiss on grounds other than venue should be denied as moot.[1] The court agrees. Accordingly, for the reasons as stated and for good cause, it is

ORDERED as follows:

1. The plaintiff's objections (docs. # 109 & 111) be and are hereby OVERRULED;

2. The motions to dismiss filed by defendants Cox, Currey, Kerensky, The Incorporated City of Vero Beach, Florida, Hicks, and Indian River Memorial Hospital, Inc., (docs. # 54 & 63) are GRANTED in part due to improper venue.

3. The defendants' objection to the Magistrate Judge's Recommendation that the defendants' motion to dismiss based on lack of personal jurisdiction and failure to state a claim be denied is SUSTAINED and the Recommendation of the Magistrate Judge is MODIFIED to reflect that the motions to dismiss on these grounds are DENIED as moot.

4. In all other respects, the Recommendation of the Magistrate Judge (Doc. # 107) is ADOPTED.

5. The remaining motions to dismiss (docs. # 37, 41 & 93) are DENIED as moot.

6. The plaintiff's motion for the court to assume jurisdiction over divorce proceedings (doc. # 102) is DENIED as moot.

7. The plaintiff's motion to file an amended complaint (doc. # 103) is DENIED; and

---

[1] The Court construes this assertion as an objection to the Report and Recommendation on that issue.

.

8. This case is DISMISSED without prejudice.

A final judgment will be entered.

DONE this 12th day of October, 2018.

  /s/   Emily C. Marks
EMILY C. MARKS
UNITED STATES DISTRICT JUDGE

.